RHODES et al. v. INTERLAKE TRANSP. CO. et al.

(District Court, N. D. Ohio, E. D.   February 12, 1906.)

No. 2,301.

JUDGMENT—COLLISION—SUIT FOR DAMAGES—MATTERS CONCLUDED.

In a suit in admiralty for collision, where all of the parties in interest are in court and all of the facts are before the court, it is its duty to determine absolutely as among all of the parties their relative rights, and where two vessels are both held in fault for a collision between one of them and a third vessel, and each of them adjudged to pay half the damages, the decree is conclusive as between them, and one cannot subsequently maintain a second suit against the other to recover the amount it was so required to pay.

In Admiralty.

Goulder, Holding & Masten, for libelants.
Hoyt, Dustin & Kelley, for respondents.

TAYLER, District Judge.   This is a libel on behalf of the owners of the steamer Siberia against the owners of the steamer Samuel Mather, in which the libelants seek to recover from the respondents the sum of $42,364.89, with interest from the 24th day of May, 1899, being the sum which the libelants have been required, by judicial proceedings, to pay to the owners of the propellor Ohio, which was damaged by a collision between the Ohio and the Siberia.   The result of the former proceedings was that the damage sustained by the Ohio was charged equally against the Siberia and the Mather. Each paid its share; and the owners of the Siberia, contending that the Mather, as between it and the Siberia, was to blame, seek now to recover back the half which they paid to the owners of the Ohio.

The facts surrounding this collision are fully stated in the Case of The Ohio, 91 Fed. 547, 33 C. C. A. 667.   That was a libel filed by the Ohio, charging faults against both the Siberia and the Mather. The District Court held all three at fault, and divided the damage accordingly.   The Circuit Court of Appeals absolved the Ohio, and entered a decree against the Siberia and the Mather for all of the damages and costs.

In the course of the opinion, delivered by Judge Lurton, the following language appears at page 553 of 97 Fed., and page 673 of 33 C. C. A:

"If this case were simply one between the Mather and the Siberia, for a collision between them, due primarily to the fault of the former, any reasonable doubt in regard to the management of the Siberia would be resolved in her favor."

The libelants contend that the determination by the Circuit Court of Appeals of the liability of the Siberia and the Mather rested wholly upon such rules of law as apply where a collision occurs between one vessel not at fault, and another which is at fault; that the court did not intend to pass upon the relative rights, as between themselves, of the Siberia and the Mather; that the case decided by the Circuit Court of Appeals was not an adjudication of the rights of the Siberia and the

Mather, inter sese, removed entirely from any complication arising out of the rights of the Ohio; and that the language of the opinion, above quoted, shows that there was no such adjudication.

In considering this case, therefore, we have two questions: (1) Was the Case of The Ohio, 91 Fed. 547, 33 C. C. A. 667, an adjudication of the question raised in this case? and (2) if it was not such an adjudication, do the facts connected with the collision warrant the inference that the owners of the Mather are liable to the owners of the Siberia for the sum which they were compelled to pay to the owners of the Ohio?

1. I do not attach to the language quoted from the Case of The Ohio the meaning which the proctors for the libelants attribute to it. The court did not, in that case, say that if this case were simply one between the Mather and the Siberia for a collision between the Siberia and the Ohio, due primarily to the fault of the Mather, any reasonable doubt in regard to the management of the Siberia would be resolved in her favor. The court was discussing the rules of evidence and rules of liability as related to the Ohio and the other vessels in that case. The Siberia was held liable to the Ohio, not because any fault was attributed to her in connection with the mere sheering due to the passage of the Mather, but because, having sheered in consequence of the primary fault of the Mather, she did not thereafter, before coming into collision with the Ohio, exercise ordinary vigilance and seamanship in the control of her movements. The case decided by the Circuit Court of Appeals was not "simply one between the Mather and the Siberia for a collision between them," and, consequently, neither that case nor this case is "simply one" of that character.

The application of the language of Judge Lurton in that opinion is perfectly clear. Suppose that the Siberia, when she sheered in consequence of the fault of the Mather, had been so close to the Ohio that it was impossible for the Siberia, in the exercise of ordinary vigilance and seamanship, to avoid the collision, what would the court have done? It would undoubtedly have wholly excused the Siberia from any liability, either to the Ohio for the damage sustained by her, or to the Mather for contribution. She could only have been included in the decree, and held liable, by the Circuit Court of Appeals, in consequence of her own fault; and that question was wholly within the power of the court to determine. That is to say, I take it as being a necessary power existing in a court trying an admiralty case, where all of the parties in interest are in court, and all the facts are before the court, to determine absolutely, as among all the parties, their relative rights, so that, at the end of that suit, there is an end of litigation among the parties arising out of that accident.

2. This conclusion on the subject of res judicata necessarily determines, so far as this court is concerned, the claim of the libelants in this case; but, as it has been necessary for the court to examine much of the testimony, and, of course, all of the opinion, in the case in the Circuit Court of Appeals, it is proper to add that, not only do the facts show that the Siberia was at fault, and equally liable with

the Mather, but that, even if I were not of that opinion, I would be compelled to so find, because it is perfectly manifest that the Circuit Court of Appeals has so found, both by the decree which it rendered, and also by its unequivocal finding of facts in the course of the opinion.

The libel is dismissed at the costs of the libelants.